UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THOMAS E. SANTIAGO BONILLA       :
                                 :
v.                               :   CASE NO.  3:12CV1514(RNC)
                                 :
DETECTIVE G. TIRADO, ET AL.      :

## RULING AND ORDER

On October 15, 2012, the plaintiff, Thomas E. Santiago Bonilla, incarcerated and *pro se,* filed a complaint under 42 U.S.C. § 1983 naming as defendants Waterbury Police Detective G. Tirado, Sergeant M. Slavin and Lieutenant Polousi.  On November 21, 2012, the Court issued an order dismissing the case without prejudice due to the plaintiff's failure to submit a ledger sheet in support of his application to proceed without payment of the filing fee.  The Clerk closed the case.  On December 5, 2012, the Clerk received the filing fee from the plaintiff.  Payment of the filing fee has obviated the need for a properly supported application to proceed *in forma pauperis*.  **Accordingly, the Clerk is directed to reopen this case.**

Under 28 U.S.C. § 1915A(b), the Court must review the complaint and dismiss any portion of it that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*  This requirement applies whether the inmate has paid the filing fee or is proceeding *in forma pauperis*.  See *Carr v. Dvorin,* 171 F.3d 115 (2d Cir. 1999) (per

curiam). The Court must assume the truth of the allegations and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Though detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

I. Allegations

The complaint alleges the following. On April 10, 2010, Sergeant Slavin, Detective Tirado, Lieutenant Polousi and other Waterbury Police detectives searched the plaintiff's home without a warrant. After the search, the defendants informed the plaintiff that there was an outstanding warrant for his arrest for fighting with his nephew and transported him to the Waterbury Police station.

Over the course of the next day, the defendants interrogated the plaintiff two or three times, placed him in a cell for ten hours without a toilet, running water, food or his asthma pump, punched him in the face, threatened to asphyxiate him with a plastic bag, refused to let him call an attorney and coerced him into signing a false statement confessing to the murder of Freddy

Morales. On April 11, 2010, Sergeant Slavin and Detective Tirado arrested the plaintiff on a charge of felony murder. The plaintiff was "railroaded" by his attorney and the judge. He refused to accept a plea deal for five years of imprisonment and went to trial. The jury found him guilty and the judge sentenced him to sixty years' imprisonment. The case is currently on appeal in state court. The plaintiff seeks monetary damages from the defendants. II. Analysis

    A.   Official Capacity Claims

Insofar as the plaintiff is attempting to sue the defendants in their official capacities, as opposed to their individual capacities, any such claims must be dismissed. A claim against a municipal employee, such as the officers in this case, when made against the employee in his official capacity, is considered to be a claim against the municipality. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). In *Monell v. Department of Social Service*, 436 U.S. 658, 691 (1978), the Supreme Court set forth the test for municipal liability. To establish municipal liability for the allegedly unconstitutional actions of a municipal employee, the plaintiff must "plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995). A municipality cannot be held liable under 42 U.S.C. § 1983 solely on a theory of respondeat superior. *See* 436 U.S. at 694-95. The plaintiff must

demonstrate "a direct causal link between a municipal policy or custom, and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

The plaintiff has alleged no facts to suggest the existence of a municipal policy or custom in this case. The incidents he describes occurred over a two day period and he does not allege that the defendants or other officers engaged in similar conduct at any other time. *See Stengel v. City of Hartford*, 652 F. Supp. 572, 574 (D. Conn. 1987) (noting that a claim of municipal policy or custom requires allegations consisting of more than a single isolated incident). Because he has not alleged facts suggesting that the conduct of the defendants on April 10 and 11, 2010, occurred on other occasions, the plaintiff fails to state a claim for monetary damages against the defendants in their official capacities. The official capacity claims against the defendants are therefore dismissed. *See* 28 U.S.C. § 1915A(b)(1).

B.   False Arrest and Malicious Prosecution Claims

Claims under § 1983 for false arrest and malicious prosecution are substantially the same as claims for false arrest and malicious prosecution under state law. *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003). Under both Connecticut law and § 1983, claims of false arrest and malicious prosecution require the plaintiff to allege and prove that the prosecution terminated in his favor. *See Miles v. City of Hartford*, 445 Fed. App'x 379, 383 (2d Cir. 2011); *Roesch v. Otarola*, 980 F.2d 850, 853-54 (2d Cir. 1992). The plaintiff concedes that he was convicted of the

felony murder charge resulting from his arrest on April 20, 2010. Because the plaintiff was convicted, he cannot proceed on either the false arrest or malicious prosecution claim unless and until his conviction is reversed on appeal. Accordingly, the federal and state law claims for false arrest and malicious prosecution are dismissed. See 28 U.S.C. § 1915A(b)(1).

C.   Remaining Claims

The allegations of the complaint are sufficient to permit the plaintiff to proceed on his claims that the defendants used excessive force against him, subjected him to unconstitutional conditions of confinement at the Waterbury police station, and illegally searched his home without a warrant.

## ORDERS

It is hereby ordered:

(1) All claims against the defendants in their official capacities, and the federal and state law claims against the defendants in their individual capacities for false arrest and malicious prosecution are **DISMISSED**. See 28 U.S.C. § 1915A(b)(1).

(2) The claims alleging use of excessive force, unconstitutional conditions of confinement at the police station, and illegal search of the plaintiff's home will proceed against the defendants in their individual capacities.

(2) Because the plaintiff has paid the filing fee to commence this action, he is responsible for effecting service of the complaint. The plaintiff shall serve the complaint on each defendant in his individual capacity in accordance with Rule 4,

Fed. R. Civ. P., within **60 days** from the date of this order, and file a return of service with the Court within **70 days** from the date of this order. The plaintiff is cautioned that if he fails to effect service within the time specified, the action may be dismissed.

(3) **The Pro Se Prisoner Litigation Office shall send the plaintiff instructions on serving a complaint and a Notice of Lawsuit and Waiver of Service of Summons form along with a copy of this Order.**

(4) **The defendants shall** file their response to the complaint, either an answer or motion to dismiss, within **ninety (90) days** from the date of this order. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(7) Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

So ordered at Hartford, Connecticut this 19th day of December, 2012.

/s/ RNC
Robert N. Chatigny
United States District Judge